Villareal v. Garland

BIA
A094 477 403

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

SELEDONIO VILLAREAL,
> *Petitioner,*

v.                                                    **21-6534**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Wade M. German, Esq., New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant
                             Attorney General; Anthony P. Nicastro,
                             Assistant Director; Sheri R. Glaser, Senior
                             Litigation Counsel, Office of Immigration
                             Litigation, United States Department of
                             Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Seledonio Villareal, a native and citizen of El Salvador, seeks review of a September 2, 2021 decision of the BIA denying his motion to reopen. *In re Seledonio Villareal*, No. A 094 477 403 (B.I.A. Sept. 2, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reopen ordinarily must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Villareal's January 2019 motion was untimely because the BIA affirmed his removal order in May 2017. Nor does his alleged eligibility for a visa or to apply to adjust to lawful permanent resident status implicate an exception to the deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv) (listing exceptions); 8 C.F.R.

2

§ 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status, even for cases that do not involve an arriving alien, do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen . . . and will ordinarily be denied." (internal quotation marks omitted)).

Absent an exception to the filing deadline, an untimely motion can "only be considered upon exercise of the Agency's *sua sponte* authority" to reopen pursuant to 8 C.F.R. § 1003.2(a). *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009). We lack jurisdiction to review the BIA's "entirely discretionary" decision not to exercise its authority reopen a case sua sponte. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

There is one exception: "[W]here the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469. There is no such misperception here. The BIA gave multiple reasons for concluding that Villareal had not established exceptional

3

circumstances. Some of those are purely discretionary and do not implicate this exception, i.e., that his criminal history weighed against reopening, that becoming eligible for relief was not alone an exceptional circumstance, and that hardship to his family did not warrant reopening. The BIA also found that Villareal was not prima facie eligible to adjust status. This was not a misperception of the legal background because (1) to adjust under 8 U.S.C. § 1255(a), an applicant must have been "inspected and admitted or paroled into the United States," and Villareal was ordered removed for entering without inspection; (2) he did not have an approved visa petition when he filed his motion to reopen as required to adjust status under section 1255 or otherwise; and (3) the February 2022 visa approval referenced in his brief post-dates the BIA's decision. We have considered his remaining arguments and find no basis for jurisdiction.

For the foregoing reasons, the petition for review is DISMISSED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4